UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos.: 3:08-CR-167-TAV-CCS |
|  | ) | 3:10-CR-50-TAV-DCP |
| CHRISTOPHER ELLIS, | ) | 3:10-CR-51-TAV-DCP |
|  | ) | 3:10-CR-60-TAV-DCP |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant's counseled motions for compassionate release [Case No. 3:08-CR-167, Doc. 70; Case No. 3:10-CR-50, Doc. 27; Case No. 3:10-CR-51, Doc. 27; Case No. 3:10-CR-60, Doc. 26].[1] The government responded in opposition [Sealed Doc. 74]. For the reasons set forth more fully below, defendant's motions [Case No. 3:08-CR-167, Doc. 70; Case No. 3:10-CR-50, Doc. 27; Case No. 3:10-CR-51, Doc. 27; Case No. 3:10-CR-60, Doc. 26] will be **DENIED**.

**I.  Background**

On May 24, 2010, defendant pleaded guilty of bank robbery, in violation of 18 U.S.C. § 2113(a); carjacking, in violation of 18 U.S.C. § 2119; and using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) [Docs. 29, 30]. The Court sentenced defendant to 384 months and one day's imprisonment, following by five years of supervised release [Doc. 33].

---

[1] Unless noted otherwise, all docket citations in this Memorandum Opinion and Order will refer to case number 3:08-CR-167.

According to the Bureau of Prisons' website, defendant is presently scheduled for release on September 28, 2026. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Apr. 25, 2025).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that

the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 70].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

#### A. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a

3

compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, defendant represents that he satisfied the exhaustion requirement [Sealed Doc. 70]. In support, he submits a copy of his request to the warden dated August 1, 2024 [Doc. 70-1]. While the government acknowledges that defendant satisfied the exhaustion requirement with respect to most of his arguments, it contends that one ground asserted in his instant motion was not previously presented to the BOP for review; namely, his argument that a recently announced Executive Order threatens to end his gender dysphoria treatment [Sealed Doc. 74, p. 7].

Upon careful review of defendant's initial letters to the warden and his instant motion, the Court finds that he has properly exhausted all grounds for relief except his argument regarding a recent Executive Order. His initial request, dated August 1, 2024, presented the warden with several grounds for relief, including a change in law, and "other reasons" one of which was "medical issues" [Sealed Doc. 70-1, p. 4]. On February 14, 2025, defendant filed the instant motion and, on the same date, supplemented his request to the warden with new information regarding the Executive Order [*Id*. at 9]. He therefore did not comply with the exhaustion requirement as to this supplemental basis for relief. *See* 18 U.S.C. § 3582(c)(1)(A).

4

Therefore, with the exception of defendant's newest argument regarding the Executive Order, the Court will proceed to evaluate defendant's motion according to the three-step test explained above.

B.  **Extraordinary and Compelling Reasons**

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release, but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S.S.G. § 1B1.13 (2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S.S.G. § 1B1.13 (2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to

5

compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S.S.G. § 1B1.13(b)(1)–(6). Here, defendant cites the following as extraordinary and compelling grounds warranting his release: (1) a change in the law resulting in a lower sentence today; (2) his medical circumstances; and (3) other reasons pursuant to § 1B1.13(b)(5) [Sealed Doc. 70].

    i.    **Change in the Law**

The amended policy statement provides that changes to non-retroactive law can constitute an extraordinary and compelling reason for release under certain conditions. *See*

6

Case 3:10-cr-00051-TAV-DCP Document 34 Filed 05/06/25 Page 6 of 11 PageID #: 598

U.S.S.G. § 1B1.13(b)(6). However, in April 2025, the Sixth Circuit invalidated section 1B1.13(b)(6). *United States v. Bricker*, No. 24-3286, 2025 WL 1166016, at *1 (6th Cir. Apr. 22, 2025). Based in part on the United States Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), which reduced the interpretive deference afforded to agencies, the Sixth Circuit determined that the Commission "overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 2025 WL 1166016, at *1; *see also Moctezuma-Reyes v. Garland*, 124 F.4th 416, 420 (6th Cir. 2024) (clarifying when courts should independently interpret statutes).

In reaching its conclusion, the *Bricker* majority clarified that the Sixth Circuit's decision in *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc), which predates the amended policy statement, remains the law of this Circuit. In contrast to the policy statement contained in U.S.S.G. § 1B1.13(b)(6), the *McCall* court held that the fact "that a defendant might receive a different sentence today than he received years ago represents the routine business of our legal system" and "cannot supply an extraordinary and compelling reason to reduce a lawful sentence whose term Congress enacted, and the President signed, into law." *Id*. at 1065. In other words, because *Loper Bright* reduced courts' deference to Commission policy statements, and the *Bricker* majority held that section 1B1.13(b)(6) is "plainly unreasonable," "we [are] bound by *McCall*'s views on the plain meaning of 'extraordinary and compelling.'" *Bricker*, 2025 WL 1166016, at *1–*9 (citing *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017)).

7

The Court is mindful that the parties briefed this matter prior to the Sixth Circuit's decision in *Bricker* [*See* Sealed Doc., pp. 10–16; Sealed Doc. 74, pp. 8–14]. Because U.S.S.G. § 1B1.13(b)(6) has been invalidated and changes to non-retroactive law cannot constitute an extraordinary and compelling reason for release, these arguments are moot. Accordingly, the Court finds that defendant's arguments regarding a change in law do not constitute an extraordinary and compelling ground warranting release.

Additionally, the Court notes that much of defendant's arguments related to § 1B1.13(b)(5), the "other reasons" provision of the policy statement, relate directly to the disparity in sentencing that he would likely receive under today's law compared to that under which he was originally sentenced [*See* Sealed Doc. 70, pp. 16–18].[2] Indeed, several of the out of Circuit cases cited by defendant appear to have granted other defendant's motions on § 1B1.13(b)(5) grounds related to defendants' § 1B1.13(b)(6) arguments, a pathway that has been foreclosed by the Sixth Circuit's decision in *Bricker*. *See* 2025 WL 1166016, at *1. Therefore, the Court finds that defendant's arguments regarding the "other reasons" provision similarly do not constitute extraordinary and compelling grounds for release.

---

[2] The Court also acknowledges defendant's arguments regarding his rehabilitative efforts; however, as noted by the government in its response, such arguments cannot provide an independent basis for relief and instead only supplement another meritorious provision of the policy statement [*See* Sealed Doc. 74, p. 17 (citing U.S.S.G. § 1B1.13(d))].

8

### ii. Defendant's Medical Condition(s)

The policy statement provides four situations when a defendant's medical condition may constitute an extraordinary and compelling reason for release:

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory) . . . .

(B) The defendant is—

    (i) suffering from a serious physical or medical condition,

    (ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

(D) The defendant presents the following circumstances—

    (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak or infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

Defendant states that he "is suffering from a medical condition that requires long term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," *id.* § 1B1.13(b)(1)(C), because of his diagnosis with gender dysphoria [Sealed Doc. 70, p. 7]. Specifically, appears to argue that his remaining in custody risks disruption to the medical care he receives [*Id.* at 8–9]. In support, he attaches copies of his medical records [Sealed Doc. 70-2].

The government responds that defendant has not demonstrated that long-term specialized medical care is not being provided [Sealed Doc. 74, p. 15]. While his motion describes hypothetical future harm, the government argues that he does not appear to allege an immediate deficiency in the medical care he receives through the BOP [*Id.*]. Additionally, the government notes that if defendant wishes instead to challenge the adequacy or timing of medical care, such claims are better addressed through an action brought pursuant to 42 U.S.C. § 1983 [*Id.*].

Defendant has not established that any form of specialized medical care "is not being provided" as of the filing of his motion [*See* Sealed Doc. 70]. To the extent that defendant speculates about future potential disruptions to his medical care caused by an Executive Order, the Court has already determined that this claim was not properly exhausted beforehand (*see supra* Section III(A)). To the extent that defendant challenges the adequacy of medical care he currently receives, as this Court has held before, "[t]hese grievances are more appropriately raised in a Section 1983 civil suit as opposed to in a motion requesting compassionate release." *United States v. Kitchen*, No. 4:22-CR-15,

10

2024 WL 4870766, at *2 (E.D. Tenn. Nov. 22, 2024) (Atchley, J.) (citing *United States v. Phillips*, No. 21-6068, 2022 WL 1112770, at *5 (6th Cir. Apr. 14, 2022)). And rather than supporting his instant claim that specialized care is not being provided, defendant's medical records appear to demonstrate the extensive treatment, medication, and evaluation he receives [*See generally* Sealed Doc. 70-2]. Accordingly, defendant has not established that his medical circumstances constitute an extraordinary and compelling ground for release.

Because "3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors" only where "the reduction [is] authorized by [steps one and two]," *Jones*, 980 F.3d at 1108, the Court need not address the section 3553(a) factors at this stage. Given that the Court has rejected each of defendant's extraordinary and compelling arguments, his motions [Case No. 3:08-CR-167, Doc. 70; Case No. 3:10-CR-50, Doc. 27; Case No. 3:10-CR-51, Doc. 27; Case No. 3:10-CR-60, Doc. 26] are hereby **DENIED**.

## VII. Conclusion

For the reasons set forth more fully above, defendant's motions [Case No. 3:08-CR-167, Doc. 70; Case No. 3:10-CR-50, Doc. 27; Case No. 3:10-CR-51, Doc. 27; Case No. 3:10-CR-60, Doc. 26] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
